UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ELIZABETH STANSBERRY, *et al.*,       )
                                       )
        Plaintiffs,                    )
                                       )
v.                                     )       1:14-cv-145-CLC-SKL
                                       )
BELK, INC.,                            )
                                       )
        Defendant.                     )

## ORDER

Before the Court is Plaintiffs' motion to compel [Doc. 12], in which Plaintiffs seek to compel Defendant to produce documents responsive to two of Plaintiffs' written requests for production ("RFP"). Defendant has filed a response in opposition [Doc. 19], and Plaintiffs have filed a reply [Doc. 20]. A hearing was held regarding the motion on February 5, 2015, at which counsel for all parties were present.

### I.    BACKGROUND

This is a personal injury action arising out of an incident which occurred on October 18, 2013, when Plaintiff Elizabeth Stansberry fell and injured her hand (or injured her hand and fell) on a bathroom stall latch in Defendant's Belk store at Northgate Mall. Plaintiff Elizabeth Stansberry seeks to recover for her mental and physical suffering, her medical expenses, and her loss of enjoyment of life. Plaintiff Jerry Stansberry seeks to recover for loss of consortium.

Plaintiffs have filed the instant motion seeking to compel Defendant to produce information regarding (1) other injuries that have occurred in the bathrooms of the Northgate Mall Belk store; and (2) any injuries involving a bathroom stall latch at any Belk store location. Plaintiffs contend that Defendant's responses to RFP No. 13 and RFP No. 14 are deficient. The

relevant requests and answers are reproduced as follows:

> REQUEST FOR PRODUCTION NO. 13.: Please produce all documents related to any injuries incurred or reported in the restrooms at the subject store.
>
> ANSWER: Belk objects to the extent this request asks about accidents not related to the latch and bumper on the stall door and, as such, is not relevant nor likely to lead to the discovery of admissible evidence. Belk does not have documents responsive to this request because there have been no injuries incurred or reported in the restrooms at the subject store related to the latch and bumper on the stall door.
>
> REQUEST FOR PRODUCTION NO. 14.: Please produce all documents related to any reported injuries caused by any stall latching mechanism at any Belk location.
>
> ANSWER: Objection. This request is asked and answered in Request No. 3. Moreover, this request is objectionable because it encompasses every Belk location across the United States of America and, thus, is overly broad and unduly burdensome. However, not waiving said objection, and as answered in Interrogatory No. 3, this Belk location has not had a prior incident or reported injury caused by any stall latching mechanism.

[Doc. 12-2 at Page ID # 101].

Defendant contends that these requests are overly broad, unduly burdensome, and irrelevant. With regard to RFP No. 13's request for documents regarding all injuries taking place in the restrooms at the subject store, Defendant contends that this request is irrelevant to the case at hand, as only injuries involving stall latch hardware in a handicap stall would be relevant. Additionally, Defendant argues that the request is temporally overbroad, as the bathroom in question was completely remodeled in 2011. With regard to RFP No. 14's request for documents regarding all injuries involving stall latch hardware in any Belk store, Defendant contends that responding to this request as asked would be "impossible" because

> Belk would first have to review its files from every Belk store the companies [sic] inception (Plaintiffs' request is not limited in

time) to find references to bathroom stall door latch hardware. reports would have to be reviewed to determine if the incident involved someone who lost their balance and in the process of falling cut their hand on the bathroom stall door latch hardware. From there, someone at the specific store would have to physically go into each bathroom to determine if the incident involved the hardware on the handicap stall. Additionally they would have to determine if the stall door latch hardware is the same as the one on the stall door in the stall where Mrs. Stansberry fell. Since Belk does not know who manufactured the stall door latch hardware at issue, this will be impossible.

[Doc. 19 at Page ID # 155-56].

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *See Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Nevertheless, discovery does have "ultimate and necessary boundaries," and "discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

Plaintiffs' claim here is essentially one of premises liability. In Tennessee, "[b]usiness proprietors are not insurers of their patrons' safety. However, they are required to use due care under all the circumstances." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). "Liability in premises liability cases stems from [the business's] superior knowledge of the

3

condition of the premises." *McCormick v. Waters*, 594 S.W.2d 385, 387 (Tenn. 1980). In order for a business to be liable for negligence in allowing a dangerous condition to exist on the premises, "the plaintiff must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." *Blair*, 130 S.W.3d at 764. The scope of discovery in a premises liability case therefore includes all information that may lead to the discovery of admissible evidence regarding causation and notice. At this stage of the litigation, the Court is not required to make any determination of the actual admissibility of any other incident.

"Courts have routinely found that a plaintiff in a civil litigation matter may obtain discovery concerning prior similar incidents, with reasonable limitations, if it is relevant to any matter raised in the litigation." *Donovan v. Wal-Mart Stores, Inc.*, No. 4:11-cv-00885-JMC, 2012 WL 3025877, at *2 (D.S.C. July 24, 2012) (collecting cases). In the premises liability context, courts that have addressed the issue of discovery of the opposing party's records as to previous incidents involving the same place or premises generally allow such discovery. See *Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007) (allowing plaintiff to discover defendant hotel's incident reports regarding other hotel guests who tripped and fell over room service trays). Additionally, courts have held that discovery of "similar accidents at other locations" may "be equally relevant in determining whether defendant was on notice." *Fann v. Giant Food, Inc.*, 115 F.R.D. 593, 595 (D.D.C. 1987) (allowing discovery regarding similar incidents that had occurred in the defendant's stores in that region); *see also Pham v. Wal-Mart Stores, Inc.*, No. 2:11-cv-01148-KJD-GWF, 2011 WL 5508832 (D.Nev. Nov. 9, 2011) (allowing discovery of

4

similar incidents taking place in other stores); *Fears v. Wal-Mart Stores, Inc.*, No. CIV.A. 99-2515-JWL, 2000 WL 1679418 (D. Kan. Oct. 13, 2000) (compelling defendant to disclose all similar accidents occurring in its stores); *In re H.E.B. Grocery Co., L.P.*, NO. 13-14-00023-CV, 2014 WL 700749 (Tex.App.-Corpus Christi Feb 18, 2014) (holding trial court did not abuse its discretion in compelling defendant to disclose incident reports of other slip and falls in parking lot).

Given the case law discussed above and the presumption of liberal discovery under the Federal Rules of Civil Procedure, Defendant's responses to Plaintiffs' RFP No. 13 and RFP No. 14 are deficient. Inquiry into injuries taking place in the bathrooms of the subject store and into injuries involving stall door latches in Defendant's other stores appears to seek information that is relevant and reasonably calculated to lead to the discovery of admissible evidence concerning causation, notice, and perhaps other claims and defenses at issue. Thus, Defendant must produce documents responsive to Plaintiffs' requests; however, Plaintiffs' requests are overbroad as Plaintiffs have not provided any basis for the unlimited temporal requirements of the requests. The Court finds that Plaintiffs' requests should be tailored to contain a more reasonable time period.

As discussed in greater detail during the hearing, given that the bathroom in question was allegedly completely remodeled in 2011, the request regarding all injuries in the subject store's bathrooms is more properly limited to the period from 2011 to the date of Plaintiff's injury based on the current record. With regard to Plaintiffs' request for all injuries involving bathroom stall door latches in all of Defendant's stores, it appears Plaintiffs are seeking documents that could be located by conducting a computer word search of incident reports from all stores maintained in a central location and the Court will impose an reasonable time period of from January 1, 2010 to

5

October 18, 2013 at this time.

## III. CONCLUSION

Accordingly, Plaintiffs' motion to compel [Doc. 12] is hereby **GRANTED IN PART** and **DENIED IN PART** in that Defendant must produce documents responsive to the revised, more narrow versions of Plaintiffs' RFP No. 13 and RFP No. 14 as follows:

> Revised RFP No. 13: Please produce all documents related to any injuries taking place in the public-use restrooms at the subject store from January 1, 2011 to October 18, 2013.
>
> Revised RFP No. 14: Please produce all documents resulting from a reasonable search of the incident report database for injuries taking place in any Belk store involving bathroom stall door latches from January 1, 2010 to October 18, 2013.

Defendant **SHALL** produce all documents responsive to these narrowed requests for production to Plaintiffs **within 21 days**.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE
